UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William W. Bennett, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>Cheryl A. LaFleur<br>Chairman, Federal Energy Regulatory<br>  Commission,<br><br>    Defendant. | Civil Action No. 14-0921 (RMC) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, William W. Bennett ("Plaintiff"), and Defendant, Cheryl A. La Fleur ("Defendant"), Chairman, Federal Regulatory Commission ("Defendant", "FERC" or the "Agency") (collectively the "Parties"), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. **Payment.** Defendant shall pay plaintiff the total sum of Four Hundred and Seventy-Five Thousand Dollars ($475,000.00), which is inclusive of compensatory damages, attorney's fees, costs, and other litigation expenses in this case, plus Defendant will pay as a separate and distinct payment nine pay periods of salary in a total amount of $61,135.00 (out of a yearly salary of $177,200.00), which will be disbursed as follows.

    a. As soon as practicable in 2017, pursuant to paragraph d below, Defendant agrees to make a lump sum payment to Plaintiff in the amount of $ 285,000.00, and the additional separate payment of $ 61,135.00 in salary.

b.     As soon as practicable in 2018, pursuant to paragraph d below, Defendant agrees to make a lump sum payment to Plaintiff in the amount of $150,000.

c.     As soon as practicable in 2019, pursuant to paragraph d below, the Agency agrees to make a lump sum payment to Plaintiff in the amount of $40,000.00.

d.     The request for these four payments will be made within ten (10) days of the expiration of the period set forth in Section 3 below.

e.     For each of the three years in which a payment is made that does not constitute salary, the Agency shall issue an IRS form 1099 for the non-salary payment. Plaintiff shall be solely responsible for compliance with all federal, state, and local taxes and tax filing requirements if any arising from the afore-mentioned three non-salary payments. With respect to the nine pay periods of salary, the Agency shall deduct those sums required to be deducted from salary. The $61,135.00 salary payment will be provided by the Agency's payroll provider as a separate payment in one lump sum.

The aforementioned payments specified in paragraphs 1 a, b, and c shall be made as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice, Department of the Treasury, and the Agency following the dismissal of the above-captioned civil action, and in any event complying with the payment dates stated above for the four payments.

2.     **Retirement.** Plaintiff agrees that his signature on this Agreement confirms his agreement to retire from the Agency (once the twenty-one (21) day waiting period reflected in Paragraph 3 below has expired). Plaintiff shall submit his retirement papers within twenty-one

2

days of execution of this Agreement with a retirement date for twenty-one days from the date of the execution of this Agreement.

3. **OWBPA Compliance.** Plaintiff acknowledges that he has been represented in settlement negotiations by his undersigned attorneys, that he and his attorneys have been given a reasonable period of time within which to consider this Stipulation, that he does not agree to waive the twenty-one (21) calendar days within which to consider this Stipulation, pursuant to the Older Workers Benefit Protection Act. Plaintiff may revoke his agreement to this Stipulation during the twenty-one (21) calendar day period following his execution hereof. Such revocation must be in writing and delivered to defendant's counsel on or before the twenty-first calendar day after the date on which plaintiff signs this Stipulation. By his signature below, plaintiff's counsel represents that: (i) he has served as plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this Stipulation.

4. **Dismissal with Prejudice.** Unless plaintiff timely exercises his right to rescind this Stipulation as provided in Paragraph 3 above, plaintiff and/or plaintiff's counsel shall sign and deliver to defendant's counsel a Stipulation of Dismissal with Prejudice, by no later than the next business day following the expiration of the revocation period. Defendant's counsel shall promptly sign that Stipulation of Dismissal with Prejudice and file with the Court, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court may retain jurisdiction to enforce the terms of this Stipulation.

5. **Release.** This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by plaintiff in the above-captioned civil action, including without limitation, all rights and claims arising under the Title VII of the Civil Rights Act of 1964, the Back Pay Act, and all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges the defendant, the Agency, and the United States, its agencies and officials, and its present and former agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, which plaintiff now has or may have arising out of or in connection with any event, of which he knew or should have known, occurring on or before the date on which he has executed this Stipulation, including but not limited to any and all claims for discrimination and/or retaliation arising under any federal statute.

6. **No Assignment.** Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein.

7. **No Admission of Liability.** This Stipulation has been entered into by plaintiff and defendant solely for the purposes of settling disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this

Stipulation does not constitute and shall not be construed as an admission that defendant or any of its present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by the plaintiff or defendant in connection with this case. The plaintiff may not use this Stipulation as evidence or otherwise in any civil or administrative action against the defendant or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof. The defendant or the United States or any of its agencies or officials or present or former employees or agents either in their official or individual capacities, may not use this Stipulation as evidence or otherwise in any civil or administrative action against the plaintiff, except for proceedings necessary to implement or enforce the terms hereof.

8.  **Entire Agreement.** This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

9.  **Amendments.** The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be discharged with the modification, amendment or waiver.

10. **Construction.** The parties acknowledge that the preparation of this Stipulation was collaborative in nature and so agree that any presumption or rule that an agreement is

construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision thereof.

11. **Headings.** The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

12. **Severability.** The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fall or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

13. **Further Assurances.** Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully execute and implement the terms of this Stipulation.

14. **Right to Cure.** If either plaintiff or defendant at any time believe that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

15. **Notices.** Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

        If to plaintiff:        To his counsel, Richard Salzman
                                          Heller, Huron, Chertkof & Salzman
                                          1730 M St., NW, Suite 412
                                          Washington, DC 20036

If to defendant:   Michael Watson
Tiffany Haigler
Office of General Counsel
Federal Energy Regulatory Commission
888 First Street NE
Washington, DC 20426

16.   **Execution.** This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

17.   **Governing Law.** This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

18.   **Binding Effect.** Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in paragraph 3 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below and hereby file this Stipulation on March 24, 2017.

_____
WILLIAM W. BENNETT JR.
Plaintifff

Date: 3-24-2017

/s/ Richard A. Salzman
RICHARD A. SALZMAN D.C. Bar # 422497
Heller, Huron, Chertkof, & Salzman
1730 M Street, N.W., Ste. 412
Washington, D.C. 20036
(202) 293-8090
ras@hellerhuron.com
salzman@hellerhuron.com

CHANNING D. PHILLIPS
D.C. Bar # 415793
United States Attorney
 for the District of Columbia

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

/s/ Marina Utgoff Braswell
MARINA UTGOFF BRASWELL,
D.C. Bar #416587
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

*Counsel for Plaintiff*

*Counsel for Defendant*

SO ORDERED on this 27 day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE